**Rudy James MURPHY, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Respondent–Appellee.**

No. 06–15585.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Jan. 11, 2008.

John Ward, Esq., Law Offices of John Ward, San Francisco, CA, for Petitioner–Appellant.

Aaron R. Maguire, Esq., Barton Bowers, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: BRIGHT *, FARRIS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Rudy James Murphy, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Murphy challenged his state court conviction on the ground that the trial court violated his Sixth Amendment right to a verdict free from coercion when it dismissed a juror for refusing to deliberate. We AFFIRM.[1]

### I

We review de novo the denial of a petition for a writ of habeas corpus. *Sanders v. Lamarque*, 357 F.3d 943, 947 (9th Cir. 2004). Because Murphy's petition for habeas relief was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Murphy's claim. *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir.2004).

### II

Under AEDPA, a federal court may grant the writ if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "Under the 'unreasonable application' clause, a federal court should grant the writ when the state court's application of clearly established federal law is 'objectively unreasonable.' " *Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir.2000) (citing *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

Murphy argues that the state court unreasonably applied clearly established Federal law when it dismissed the lone holdout juror during deliberations after the trial judge concluded that the juror refused to deliberate. Murphy, however, cites no Supreme Court case which holds that the dismissal of a juror for *refusing to deliberate* violates a criminal defendant's Sixth Amendment right. Indeed, there are no Supreme Court holdings addressing the issue of whether a trial court's discharge of a juror for refusing to deliberate violates the Sixth Amendment. We therefore reject Murphy's challenge under § 2254(d)(1). *See Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006) (holding that a state court cannot be said to have unreasonably applied clearly established Federal law under § 2254(d)(1) when there are no *holdings* from the Supreme Court addressing the issue raised by the petitioner).

### III

AEDPA also provides that the court may grant the writ if the state court pro-

---

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with all the underlying facts and procedural history they will not be repeated herein.

ceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Lambert,* 393 F.3d at 972 (citing § 2254(d)(2)).

Murphy argues that the state court unreasonably determined that Juror No. 11 refused to deliberate. According to Murphy, Juror No. 11 had deliberated and simply did not believe one of the prosecution's key witnesses and concluded that the prosecution failed to meet its burden of proving that Murphy was guilty beyond a reasonable doubt.

Murphy's argument, however, fails in light of the evidence presented in the state court. The record shows that the remaining jurors consistently reported that Juror No. 11 refused to engage in any deliberations, separated himself from the jury, and repeatedly stated that he had his mind made up and there was no point in discussing the evidence. In addition, the trial judge observed Juror No. 11's demeanor and listened to his responses to questions posed by the court. It was only after an extensive and careful inquiry that the court concluded Juror No. 11 refused to engage in deliberations. While the issue is a close one, the record supports the trial judge's findings that Juror No. 11 refused to deliberate, and that court's ruling cannot be said to be objectively unreasonable.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

## IV

We conclude that the state court neither unreasonably applied clearly established Federal law, nor unreasonably determined that Juror No. 11 refused to deliberate. Accordingly, we **AFFIRM** the district court's denial of Murphy's habeas petition.